UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAOS CHUMAN,<br><br>          Petitioner,<br><br>    vs.<br><br>JOHN MARSHALL, Warden,<br><br>          Respondent. | Case No. CV 08-6976-PA (DTB)<br><br>ORDER TO SHOW CAUSE |

    In light of the Supreme Court's just-issued decision in Swarthout v. Cooke, --- S.Ct. ----, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam), petitioner is ordered to show cause in writing, on or before **March 1, 2011**, why the Court should not recommend the denial of the Petition and the dismissal of this action with prejudice.

    In the Supreme Court decision, in reversing Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010), and rejecting the Ninth Circuit's position on the standard of review applicable to California parole denials, the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California prisoner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial). See 2011 WL

197627 at 2.  The Supreme Court observed that, where the records reflect that the prisoners were allowed to speak at the hearings and to contest the evidence, were afforded access to their records in advance, and were notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry."  See id. at 3.  Under the Supreme Court's decision in Cooke, "it is no federal concern whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."  See id. at 3.

Here, petitioner is not contending that he was denied the minimal procedural due process protections set forth in Greenholtz.  Moreover, here as in Cooke, the record reflects that petitioner was allowed to speak at the parole consideration hearing and to contest the evidence, was afforded access to his records in advance, and was notified as to the reasons why parole was denied.  While petitioner does contend that the California courts incorrectly applied California's "some evidence" rule, that is not a federal concern under the Supreme Court's decision in Cooke.

In light of Cooke, it simply does not appear that the Court would have any basis for finding or concluding that the California courts' rejection of the substantive due process claim(s) being alleged in the Petition was contrary to or involved an unreasonable application of clearly established Supreme Court law.

DATED: February 3, 2011

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE